[No. 5519.]
[No. 3191 C. A.]

### The Colorado Trading and Transfer Company v. Blum.

1. Appellate Practice—Verdict Based on Conflicting Evidence.

Plaintiff and one witness testified to the making of a certain contract, while four witnesses employed by defendant testified to the contrary. Held, that a verdict for plaintiff based on such evidence will not be disturbed on appeal in the absence of a showing that the jurors misunderstood the evidence or misconceived its force, or that they were prompted by some improper motive.—P. 176.

**2.  Appellate Practice—Variance—Harmless Error.**

Mills' Ann. Code, § 78, provides that, in every stage of an action, any error or defect in the pleadings or proceedings not affecting the substantial rights of the parties shall be disregarded, and that no reversal shall be had therefor.  Held, that, in an action against a carrier for failure to safely deliver goods, even if the court treated the complaint as charging defendant as a common carrier and the proof showed a private carrier, no reversible error exists, since the liability of the carrier to safely deliver the goods is the same, whether engaged to do so under the implied liability of a common carrier, or the express liability of a private carrier.—P. 178.

*Appeal from the District Court of Teller County. Hon. Louis W. Cunningham, Judge.*

Action by Abraham Blum against The Colorado Trading and Transfer Company.  From a judgment for plaintiff, defendant appeals.          *Affirmed.*

Mr. H. M. BLACKMER, Mr. KARL C. SCHUYLER, and Mr. WALTER F. SCHUYLER, for appellant.

No appearance for appellee.

CHIEF JUSTICE STEELE delivered the opinion of the court:

The complaint alleges that the defendant is a common carrier of goods for hire in the state of Colorado; that on the 17th day of May, 1903, in consideration of the sum of fifty dollars agreed to be paid to the defendant, the defendant agreed to safely carry from Cripple Creek to Colorado City and Colorado Springs certain enumerated articles of the value of fifteen hundred dollars; that the defendant, having received the articles under the agreement mentioned, did not safely carry and deliver them, "but, on the contrary, the defendant so negligently and carelessly conducted and so misbehaved in regard to the same in its calling as a common carrier that a large part of said goods were wholly lost to the plain-

tiff and the balance thereof were badly damaged.'' And prays for judgment in the sum of $987.25.

The affirmative defenses set forth in the answer are: That the goods received by the defendant were agreed to be transferred and carried by the defendant at the sole risk of plaintiff, and not otherwise; and that the injury, if any, to the goods was occasioned wholly or in part by reason of the negligence of the plaintiff.

The replication denies the affirmative matter of the answer.

There was verdict and judgment against defendant for the sum of two hundred dollars, and the defendant appealed to the court of appeals.

The points relied upon to reverse the judgment are that the judgment and verdict are against the weight of the evidence, and that a fatal variance existed between the complaint and the proof.

The plaintiff and one witness testified to the contract entered into between the plaintiff and the defendant, and that it agreed to haul the plaintiff's goods from Cripple Creek and deliver them safely to him at Colorado City or Colorado Springs. Four witnesses, employees of defendant, testified that the defendant protested against carrying the goods in but two wagons, and that thereupon plaintiff agreed to assume all risk of breakage or damage to the goods if they were carried in two wagons. And counsel say that inasmuch as the testimony of these witnesses was denied by the plaintiff only, the verdict and judgment should be set aside. The decisions of this court holding that where there is a conflict of the evidence a new trial will be denied, unless the jurors so acted as to warrant the presumption that they misunderstood the evidence or misconceived its force and affect, or allowed malice or prejudice or some other improper motive to sway their judgment, are

so numerous that they need not be cited. It not appearing that the jurors misunderstood the evidence or misconceived its force or effect, or that they were prompted in rendering their verdict by some improper motive, we must hold that the first position taken by defendant as a ground for reversing the judgment is untenable.

The position of the defendant with respect to the alleged variance between the allegations of the complaint and the proof is thus stated in the brief: "That where a defendant is sued and the recovery sought is based on the violation of the defendant's contract as a common carrier, and upon the trial of the cause the evidence shows that the defendant was not acting as a common carrier in the performance of the contract, and that it owed to the plaintiff simply the duties of a private carrier, then and in that event there is such a variance that the plaintiff cannot recover."

The testimony clearly established that the defendant is a common carrier. It was the owner of a large number of wagons and horses, and was engaged in the business of hauling goods for hire to points outside of the district. Counsel direct attention to the statement of the complaint wherein it is alleged that "the defendant so negligently and carelessly conducted and so misbehaved in regard to the same in its calling as a common carrier that a large part of said goods were lost," etc., as showing that the defendant was sued in its capacity as a common carrier, and state that the court found that the contract entered into between the parties was a contract of the defendant in its capacity as a private carrier. There is nothing in the abstract showing that the court so treated the contract, or that any finding on the subject was made. The instructions

do not appear in the abstract; but if the court did
so regard the contract and did so find, we think the
court was in error.  The authorities cited by appel-
lant sustain its contention that under a complaint
charging the defendant as a common carrier no re-
covery can be had upon proof of a liability as a pri-
vate carrier only, but in the cases cited there was no
obligation of the defendant to carry the goods, or
they were cases where, by the terms of an express
contract, the liability had been changed from that of
a common carrier to that of a private carrier merely.
In this case there does not appear to have been any
change in the liability of the defendant, whether it
was acting as a common carrier or as a private car-
rier.  The goods delivered to it for carriage were of
the character that it was ordinarily engaged in carry-
ing, the contract it made to carry and safely deliver
is not different from its engagement if no express
contract had been made.  So that, even though it be
conceded that the court treated the complaint as
charging the defendant as a common carrier, and the
proof showed that the defendant was acting in its
capacity as a private carrier, the liability of the car-
rier to safely deliver the goods was the same whether
it engaged to do so under the implied liability of a
common carrier or under the express contract estab-
lished by the testimony.

The defendant was not prejudiced by any action
of the court, and under section 78 of Mills' Anno-
tated Code it becomes our duty to affirm the judg-
ment.                                        *Affirmed.*

Mr. JUSTICE GODDARD and Mr. JUSTICE BAILEY
concur.